IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL CURTIS REYNOLDS,                :
                                        :
         Petitioner                     :    CIVIL NO. 3:CV-18-1093
                                        :
    v.                                  :
                                        :    (Judge Conaboy)
                                        :
UNITED STATES OF AMERICA,                :
                                        :
         Respondent                     :
_____

## MEMORANDUM
### Background

This pro se "Hazel-Atlas motion for fraud upon the court" was filed by Michael Curtis Reynolds, an inmate presently confined at the Federal Correctional Institution, Greenville, West Virginia (FCI-Greenville). This is the latest of multiple attempts by Reynolds which challenge the legality of his federal criminal conviction under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). Reynolds' submission is accompanied by an in forma pauperis application. Named as Respondent is the United States of America.

As previously discussed by rulings in Petitioner's prior filings, Hazel-Atlas, a decision regarding a civil case, recognized that a court may set aside its own judgment when the judgment was obtained by fraudulent means. See Mumma v. High Spec, Inc., 2010

1

WL 4386718 (3d Cir. Nov. 5, 2010).

Based upon a review of Reynold's latest action it is unclear as to whether it is his intention that this matter proceed as a habeas corpus petition under 28 U.S.C. s 2241, a 28 U.S.C. 2255 motion, or a civil rights complaint. It is recognized that the caption of this matter lists Reynolds as being a Petitioner. Furthermore, the caption does include the docket number of Reynolds' criminal case.

Petitioner has also filed a motion seeking mandamus relief (Doc. 4) and a motion for judicial notice (Doc. 5). For the reasons outlined below, Reynolds will be granted leave to proceed <u>in forma pauperis</u> for the sole purpose of the filing of this matter, however, his action will be dismissed without prejudice.

Petitioner was convicted of multiple terrorism related criminal offenses following a July, 2007 jury trial before the Honorable Edwin M. Kosik of this district court. <u>See</u> <u>United States v. Reynolds</u>, Case No. 3:05-CR-493. Reynolds was sentenced to a term of imprisonment on November 6, 2007. By decision dated March 18, 2010, the United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction.

Petitioner thereafter sought collateral relief via a § 2255 petition which was dismissed on the merits by decision dated August 15, 2012. Thereafter, Reynolds next filed actions in the United States District Court for the Central District of California which were construed as seeking § 2255 relief and transferred to this

district. Those actions were subsequently dismissed by decision dated November 28, 2012, because Petitioner failed to obtain authorization to file a second or successive § 2225 action from the Third Circuit Court of Appeals.

A February 25, 2014 decision by the Third Circuit Court of Appeals likewise observed that Petitioner has filed unauthorized second or successive § 2255 petitions. See United States v. Reynolds, C.A. No. 13-4195, slip op. at 2 (3d Cir. Feb. 12, 2014).

Reynolds also previously filed multiple unsuccessful § 2241 petitions with this Court challenging the legality of his federal prosecution. See Reynolds v. Bledsoe, Civil No. 4:CV-08-909 and Reynolds v. Kosik, Civil No. 4:CV-08-293; Reynolds v. Martinez, Civil No. 4:CV-08-2094.[1] He has also filed civil rights actions challenging the legality of his federal criminal prosecution. See Reynolds v. Gurganus, et al., Civil No. 4:06-CV-1753 (M.D. Pa. Sept. 11, 2006); Reynolds v. Kosik, et al., Civil No. 4:06-CV-2466 (M.D. Pa. Jan.18 , 2007); Reynolds v. Judge Kosik, et al., Civil No. 4:07-CV-161 (M.D. Pa. Jan. 31, 2007).

Reynolds' pending action again challenges the legality of his federal criminal conviction. Petitioner's motion is a lengthy narrative which asserts multiple challenges to his conviction.

---

[1] Reynolds has also previously unsuccessfully attempted to challenge the legality of his federal criminal prosecution by filing civil rights complaints.

3

## **Discussion**

### **Civil Rights**

As sole relief, Reynolds seeks his immediate release for m confinement. See Doc. 1, p. 21.

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). Reynolds seeks his release from federal custody on the grounds that he was subjected to an unconstitutional federal prosecution. Thus, he is clearly attacking the legality of both his criminal prosecution and seeking immediate release. The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action. Id. at 646.

Pursuant to the standards announced in Preiser and Edwards, Plaintiff's demand for release from confinement and his challenge to his federal criminal conviction is not properly raised in a civil rights complaint. Accordingly, this action, to the extent that Reynolds wishes it to proceed as a civil rights complaint, is subject to dismissal.

### **Habeas Corpus**

When challenging the validity of a federal conviction and sentence, and not the execution of his sentence, a federal prisoner

4

is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").

A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

Clearly, Reynolds' pending claims do not fall within this narrow exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's conviction, his pending action to the extent that it seeks habeas corpus relief under § 2241 will be dismissed for lack of jurisdiction.

**Section 2255**

Reynolds cannot evade the limitations of § 2255 by simply labeling his action as being a <u>Hazel-Atlas</u> motion. It is also noted that a review of the docket of Petitioner's criminal case shows that he has previously filed multiple § 2255 motions.

Since there is no assertion by petitioner that the Court of Appeals for the Third Circuit has granted him leave to file a second or successive § 2255 motion, his pending action action to the extent that it can be construed as an unauthorized § 2255 action is also subject to dismissal. An appropriate Order will enter.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 14, 2018